CUMBERLAND PACKING CORP. and Stadt Corporation, Plaintiffs,

v.

MONSANTO COMPANY, The Nutrasweet Company, The Nutrasweet Kelco Company, and Olympia Industries, Inc. Defendants.

No. 97 CV 6938.

United States District Court, E.D. New York.

March 8, 1999.

Steinberg & Raskin, P.C., (Martin G. Raskin and Joshua L. Raskin, of counsel), New York City, for plaintiffs.

Pennie & Edmonds LLP, (Joseph Diamante, Katharine E. Smith, and Carol M. Wilhelm, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The parties submitted for the court's approval a stipulated protective order. By Memorandum and Order dated May 7, 1998, the court referred the matter to Magistrate Judge Cheryl L. Pollack to determine whether good cause exists to enter such an order.

In a Report and Recommendation dated December 11, 1998, familiarity with which is assumed, Magistrate Judge Pollack recommended that the parties' joint request be granted. No objections to the recommendation were filed. For the reasons stated below, the court will not adopt the recommendations.

### I

Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that "for good cause shown, the court ... may make any order which justice requires to protect a party or person from ... undue burden or expense, including ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way...."

Parties seeking a protective order bear the burden of showing that good cause exists for the issuance of the order. *See In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir.1987). In determining whether good cause has been shown, courts must weigh the private interests advanced against the public interest in judicial documents.

Here the private interest advanced is the commercial harm parties allegedly will suffer from the disclosure of commercially sensitive material to the public and to competitors.

The public interest is based on the citizenry's right to "keep a watchful eye" on the workings of federal courts and the federal courts' need for public accountability. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). Without public and professional monitoring, there can be "no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995) ("*Amodeo II*"). Thus, under the common law, judicial documents have been presumptively subject to public inspection. *See United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir.1995) ("*Amodeo I*").

The Second Circuit has defined a "judicial document" as material filed with the court that is "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. How strong a "presumption of access" is accorded a document will vary with its role in the adjudicatory process. Evidence introduced at trial is given an "especially strong" presumption of access. *In re Application of National Broadcasting Co. (U.S. v. Myers)*, 635 F.2d 945, 952 (2d Cir.1980). Likewise, a document submitted as the principal basis for a dispositive motion is given a strong presumption. As the exercise of Article III powers is a formal act of government, it should be subject to public scrutiny absent "exceptional circumstances." *Amodeo II*, 71 F.3d at 1049. It follows that documents that play a central role in that process strongly should be presumed to be open to the public.

Some judicial documents will play only a marginal role in the judicial process. The presumption of access accorded those materials is low and "amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050. Documents that play no role in the performance of Article III functions, such as materials exchanged during discovery, are given no presumption of access. *Id.*

Once a court decides how strong a presumption of access a document deserves, it will then balance the weight of that presumption, if any, with competing interests, namely, the private interests and concerns of judicial efficiency and law enforcement, to determine whether or not to seal a document.

### III

The proposed Stipulated Protective Order states that its terms will be applicable to all discovery material "as well as testimony adduced at trial, matters in evidence and other information" that either party designates as confidential material. In other words, the proposed order covers the full spectrum of non-judicial and judicial documents, ranging from all discovery material to trial testimony and evidence.

But it provides only one standard for designating material as protected. It states that any material may be designated as confidential if a party believes "in good faith ... [that it] contains proprietary information that is used by it in, or pertaining to, its business which information is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence."

Clearly as applied to judicial documents at the heart of the Article III process, the proposed criteria will not protect adequately the public's interest. This includes trial material and other matters that have or will come into evidence. This "good faith" standard is inadequate also with respect to the papers and exhibits this court considered in deciding plaintiffs' motion for a preliminary injunction and defendants' motion for summary judgment. The only material with respect to which such a "good faith" standard is arguably appropriate is discovery material having little or no bearing on the court's adjudication. Even with respect to those documents, a party will have to show that good cause exists for sealing them. Needless to say, a party is more likely to be able to establish such good cause if it presents to the court a discrete category of documents and explains why *those* documents should be sealed. Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.

Finally, as discussed above, even the same documents may play a varying role, in terms of their relevance to the judicial process, throughout the life span of a civil litigation. Thus it generally will be easier to strike the right balance between the differing interests at stake if the coverage of the proposed terms are limited to a more discrete phase of the litigation, e.g., the discovery phase.

### IV

Because the court finds that the proposed Stipulated Protective Order fails to protect adequately the public's interest in accessing judicial documents and monitoring federal courts, the court will not adopt the recommendations. This motion is remanded to Magistrate Judge Pollack for reconsideration in light of the foregoing discussion.

So ordered.